IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| THE CIT GROUP/EQUIPMENT<br>FINANCING, INC., a New York<br>corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>PACIFIC CASCADE RESOURCES, INC.,<br>an Oregon corporation; LOUIS<br>J. ADLER; and TERRA FIRMA, INC.,<br>A CORPORATION OF WASHINGTON,<br>a Washington corporation,<br><br>    Defendants. | Civil No. 03-6388-AA<br><br>OPINION AND ORDER |

Douglas Schultz
Renee Wyser-Pratte
Gleaves Swearingen Potter & Scott LLP
PO Box 1147
Eugene, Oregon 97440-1147
    Attorneys for plaintiff

William Horton
Attorney At Law
700 One Main Place
101 SW Main Street
Portland, Oregon 97204
    Attorney for defendants Pacific Cascade Resources, Inc.
    and Louis J. Adler

1 - OPINION AND ORDER

AIKEN, Judge:

Plaintiff CIT Group/Equipment Financing, Inc. seeks summary judgment on plaintiff's first claim for breach of security agreement, plaintiff's third claim for enforcement of personal guaranty, defendants' first affirmative defense for wrongful repossession, defendants' second affirmative defense of good faith and fair dealing and defendants' counterclaim for interference with contract. Plaintiff's motion for partial summary judgment on these issues is granted.

## BACKGROUND

Plaintiff CIT Group/Equipment Financing, Inc. ("CIT") loaned defendant Pacific Cascade Resources ("PCR") $439,500.00 to purchase equipment pursuant to the terms of a security agreement. PRC also granted plaintiff a security interest in certain machinery and equipment. Under the terms of the security agreement, CIT has the right to declare any outstanding indebtedness immediately due and payable.

Defendant PRC defaulted on March 29, 2003. As a result, on May 12, 2003, plaintiff accelerated the outstanding indebtedness.

## STANDARDS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law." Fed. R. Civ. P. 56©). Substantive law on an issue determines the materiality of a fact. <u>T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Assoc.</u>, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of a dispute. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. <u>Id.</u> at 324.

Special rules of construction apply when evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. <u>T.W. Electrical</u>, 809 F.2d at 630.

## DISCUSSION

Plaintiff requests summary judgment on their first claim for breach of security agreement. Defendant PCR admitted it has defaulted under the terms of the security agreement, and concedes plaintiff's position. As such, summary judgment for plaintiff's

3 - OPINION AND ORDER

first claim for breach of security agreement is granted.

Next, plaintiff seeks summary judgment against defendant Louis J. Adler ("Adler") for enforcement of a personal guaranty. Adler contends that as a result of modifying the security agreement on September 22, 2001, there is ambiguity in the guaranty instrument, and any ambiguity should be construed in Adler's favor.

A guaranty is a contract and is subject to contract law. A contract is ambiguous if it can reasonably be given more then one plausible interpretation. Conversely, unambiguous contracts must be enforced according to their terms. <u>Portland Fire Fighters' Ass'n v. City of Portland</u>, 181 Or. App. 85, 91, 45 P.3d 162, <u>rev. denied</u>, 334 Or. 491, 52 P.3d 1056 (2002).

The language in the guaranty at issue is unambiguous. The guaranty clearly states that the obligations will not be affected by a renewal or extension of the agreement. As such, the contract, because it is unambiguous, must be enforced according to its terms. Therefore, plaintiff is entitled to summary judgment against defendant Adler for enforcement of the personal guaranty.

Plaintiff next requests summary judgment on defendants' affirmative defenses of wrongful repossession and breach of duty of good faith and fair dealing.

Pursuant to Or. Rev. Stat. §§ 79.0609(2)(a), (b), plaintiff, as

a secured creditor, may take possession of secured collateral either by judicial process or without a judicial process. If secured creditors wish to proceed without judicial process, they must do so without breaching the peace. Here, plaintiff opted to proceed without judicial process, and defendants contend that in doing so plaintiff breached the peace. Defendants assert that Adler was present at the repossession, he objected to the repossession, and was ultimately threatened with handcuffs by the Sheriff, who was present at plaintiff's request. Such action, defendants claim, amounted to a breach of the peace and a violation of 42 U.S.C. § 1983.

The record shows that plaintiff repossessed machinery located on the quarry, which is owned by West Coast Bank. Adler had no basis to object to plaintiff's presence on property owned by West Coast Bank. Therefore, I find plaintiff did not breach the peace during the repossession.

In order to prevail under 42 U.S.C. § 1983, defendants must establish that the private action of repossession was converted into state action by means of the sheriff's involvement. United States v. Coleman, 628 F.2d 961 (6th Cir. 1980). Accordingly, under the standards articulated by the Supreme Court, the action of a private party will not be attributed to the state unless the state actually

5 - OPINION AND ORDER

compels the action.  Flagg Bros., Inc. v. Brooks, 436 U.S. 149 (1978).  Additionally, the Ninth Circuit has held that there may also be a § 1983 deprivation when an officer assists in effectuating a repossession over the objection of a debtor or so intimidates a debtor as to cause him to refrain from exercising his legal right to resist a repossession.  Harris v. City of Roseburg, 664 F.2d 1121, 1127 (9th Cir. 1981).

I find no assertion here that the officers compelled or actively participated in the repossession. Because repossession occurred on land not owned by defendants, there is no evidence that the officers' presence prevented Adler from resisting repossession. Harris, 664 F.2d at 1127.  Furthermore, because defendant Adler had a history of threatening behavior in a previous repossession, the officers' presence is acceptable within 42 U.S.C. § 1983.  As such, plaintiff's motion for summary judgment on defendant's affirmative defense of wrongful possession is granted.

Next, plaintiff moves for summary judgment on defendants' affirmative defense of breach of duty of good faith and fair dealing.  First, concerning the security agreement, defendants allege plaintiff violated the substantive terms of Or. Rev. Stat. § 79.0609, and that violation constitutes a breach of the duty of good faith and fair dealing.  Defendants, however, fail to allege

how plaintiff violated Or. Rev. Stat. § 79.0609.  Without more then a mere allegation, defendants cannot meet their burden to show that a material issue of fact exists.  Celotex, 477 U.S. at 324.

Second, concerning the personal guaranty, defendants assert that plaintiff violated the duty of good faith and fair dealing by failing to properly repossess under Or. Rev. Stat. § 79.0609.  I have previously considered defendants' arguments concerning wrongful repossession and held that plaintiff's repossession was acceptable.  Pursuant to that holding, I find plaintiff did not violate the duty of good faith and fair dealing under the personal guaranty.

Finally, plaintiff seeks summary judgment on defendants' counterclaim of interference with a contract.  Defendants contend that Rock Systems, Inc. wrote defendants an offer to forgive $75,000 of debt in exchange for a Cedar Rapids Roll Crusher.  However, John Bruce, owner of Rock Systems, Inc., admitted in his affidavit that he agreed to write the offer only as a favor to Adler, and furthermore, Bruce hoped the documentation of a lesser debt load would enable Adler to obtain more credit so that he could work to repay Bruce.

Defendants allege Bruce's affidavit is false.  This mere allegation is insufficient to avoid summary judgment.  In order to establish a genuine issue of material fact, and thus avoid summary

judgment, defendants "may not rest upon the mere allegations or denials of [their] pleadings," but must "set forth specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324. As such, summary judgment on defendants' counterclaim is granted.

Finally, the court denies defendants' motion for leave to file an amended answer and counterclaim. Plaintiff filed their complaint against the defendants 1 ½ years ago on December 12, 2003. Defendants filed their answer over one year ago on March 24, 2004. The parties have stipulated to three discovery deadline extensions. Multiple depositions were taken by the parties on October 20, 2004, and December 29, 2004. Both parties have served several supplemental discovery requests since defendants' first request for production over one year ago on March 26, 2004. The final stipulated extension of discovery deadlines resulted in a court-ordered March 15, 2005, deadline for filing dispositive motions and closure of discovery. Following completion of discovery and plaintiff's filing of the dispositive motion at bar, defendants now raise additional defenses and counterclaim.

Defendants' motion is denied. First, I find that defendants have adequately raised the issues under federal pleading standards, including the affirmative defenses and counterclaim presented in the

motion.

Next, I find that defendants' motion is not timely.  It was filed on March 17, 2005, two days after the court-ordered March 15, 2005, deadline for discovery closure and filing of dispositive motions.  The court further notes the late stage of this litigation, with a dispositive motion fully briefed, and a pretrial order due in one month.  Further, I find no evidence that the facts contained in the motion were not known to defendants some time ago.  Defendants have had ample time to amend their pleadings.  Moreover, I note that such amendments would be futile, as the amendments are generally subsumed in defendants' initial answer, as admitted in defendants' supporting memorandum; and defendants' proposed amendments could be included in the pretrial order.  Finally, I find that granting defendants' motion would result in undue prejudice to the plaintiff at this late stage of the litigation including the costs of further pleadings, further discovery, and potential additional dispositive motions.  This case is over sixteen motions old, a pretrial order is due in less than one month, and a summary judgment motion is pending.

## CONCLUSION

Plaintiff's motion for partial summary judgment (doc. 52) is granted.  Defendants Pacific Cascade Resources, Inc. and Louis

Adler's motion for leave to file amended answer and counterclaim (doc. 67) is denied.  Finally, plaintiff's request for oral argument is denied an unnecessary.

IT IS SO ORDERED.

        Dated this __28__ day of April 2005.

                                    /s/ Ann Aiken
                                      Ann Aiken
                                United States District Judge