IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| THE CIT GROUP/EQUIPMENT<br>FINANCING, INC., a New York<br>corporation,<br><br>        Plaintiff,<br><br>    vs.<br><br>PACIFIC CASCADE RESOURCES, INC.,<br>an Oregon corporation; LOUIS<br>J. ADLER; and TERRA FIRMA, INC.,<br>A CORPORATION OF WASHINGTON,<br>a Washington corporation,<br><br>        Defendants. | Civil No. 03-6388-AA<br><br>OPINION AND ORDER |

Douglas Schultz
Gleaves Swearingen Potter & Scott LLP
PO Box 1147
Eugene, Oregon 97440-1147
    Attorney for plaintiff

William Horton
Attorney At Law
700 One Main Place
101 SW Main Street
Portland, Oregon 97204
    Attorney for defendants Pacific Cascade Resources, Inc.
    and Louis J. Adler

1 - OPINION AND ORDER

AIKEN, Judge:

Plaintiff CIT Group/Equipment Financing, Inc. seeks summary judgment on the issue of damages in the corrected amount of $100,859.57.

## BACKGROUND

Plaintiff CIT Group/Equipment Financing, Inc. ("CIT") loaned defendant Pacific Cascade Resources ("PCR") $439,500.00 to purchase equipment pursuant to the terms of a security agreement. PRC also granted plaintiff a security interest in certain machinery and equipment. Under the terms of the security agreement, CIT has the right to declare any outstanding indebtedness immediately due and payable.

Defendant PRC defaulted on March 29, 2003. As a result, on May 12, 2003, plaintiff accelerated the outstanding indebtedness.

On April 29, 2005, the court granted plaintiff's motion for partial summary judgment on plaintiff's first claim for breach of security agreement, plaintiff's third claim for enforcement of personal guaranty, defendants' first affirmative defense for wrongful repossession, defendants' second affirmative defense of good faith and fair dealing and defendants' counterclaim for interference with contract. On June 20, 2005, the court granted plaintiff's motion for order of dismissal of plaintiff's Second Claim for Claim and Delivery on the grounds that the claim was moot because repossession of the 14 pieces of collateral had already

occurred.

## STANDARDS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56©). Substantive law on an issue determines the materiality of a fact. <u>T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Assoc.</u>, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of a dispute. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. <u>Id.</u> at 324.

Special rules of construction apply when evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving

3 - OPINION AND ORDER

party.  T.W. Electrical, 809 F.2d at 630.

**DISCUSSION**

Plaintiff asserts that the only remaining issue to be determined are the $100,859.57 in damages (corrected) owed by defendants to plaintiff pursuant to the Security Agreement.

On July 19, 1999, plaintiff loaned defendant pacific Cascade Resources, Inc. ("PCR") $439,500 to purchase certain equipment pursuant to the terms of a security agreement.  PCR agreed to repay plaintiff in 48 monthly installments until paid, plus interest. Additionally, on July 19, 1999, defendant Louis J. Adler ("Adler"), owner of PCR, executed a personal and unconditional guaranty for monies borrowed by PCR.

On September 29, 2001, plaintiff granted PCR an extension of payment terms.  At that time, the principal balance owed was $359,717.65.  Payments were made until March 29, 2003, when PCR defaulted on its obligations under the security agreement.  No payment was made to plaintiff.  Upon default, the debt was accelerated and demand was made on defendants for payment.  A partial payment was made by PCR in June 2003.  Thereafter, no further payments were made by PCR.  PCR admitted that, since March 29, 2003, it has been in default under the terms of the security agreement.  Fourteen of the sixteen pieces of equipment were

repossessed and sold for $308,000.

At the time of sale of the repossessed collateral, plaintiff alleges that it had suffered substantial additional damages. Late charges had accrued in the amount of $20,112.93. In addition, repossession costs, the responsibility of defendants pursuant to the Security Agreement, totaled $24,846.38. Taking into consideration the loan payments made by defendant PCR prior to default, the total amount of damages owed to plaintiff, excluding attorney fees totaled $29,505.86. Plaintiff, however, has also incurred legal fees to which plaintiff alleges it is entitled pursuant to the terms of the Security Agreement and personal Guaranty. Legal fees to date total $71,725.45. Therefore, plaintiff alleges that the total amount owed to plaintiff by defendants is $101,231.31.

Defendants object to plaintiff's damage figure arguing: (1) plaintiff's Statement of Concise Facts is inadequate; (2) plaintiff's interest rate is incorrect; (3) plaintiff failed to detail its request for attorney fees; and (4) plaintiff's base damage figure is incorrect. Defendants' challenge to plaintiff's interest rate is correct, the remainder of defendants' objections fail.

First, given the summary nature of this case, all pleadings to date have been concise and inclusive as necessary. To date, none of

the parties or the court have ever alleged a lack of understanding about the precise allegations and procedure at issue in this case.

Second, I find that the interest rate of 13.69% used by plaintiff to calculate damages is incorrect. Pursuant to the court's notification, the plaintiff filed an amended Exhibit B (doc. 99) reflecting the correct interest rate in the amount of 13.06%. Using the corrected interest rate of 13.06%, plaintiff's damage figure is reduced from $101,231.31 to $100,859.57.

Next, plaintiff cured their deficiency in their request for attorney fees by Exhibit 1 attached to their Reply Memorandum. Exhibit 1 adequately sets out the attorney time and hourly fees that were necessarily expended on the litigation of this case. Finally, I find adequate support for plaintiff's base damage figure in the amount of $359,717.65. See plaintiff's Exs. A and B (corrected) (confirming that the amount owed by defendants on September 29, 2001 was $359,717.65).

## CONCLUSION

Plaintiff's motion for summary judgment (as corrected) on the issue of damages (doc. 84) is granted. Plaintiff is awarded damages in the amount of $100,859.57 against defendants PCR and Adler.

Within twenty (20) days of the date of this Opinion and Order, the parties are requested to submit a written status report

detailing any further outstanding issues in this case, or to submit a judgment seeking dismissal of this case.

IT IS SO ORDERED.

Dated this  20  day of September 2005.


          /s/ Ann Aiken          
              Ann Aiken
       United States District Judge